IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ENDO PHARMACEUTICALS INC. and PENWEST PHARMACEUTICALS CO., | ) ) ) ) | |
| Plaintiffs, | ) ) ) ) | C.A. Nos.   07-731 (GMS) 08-057 (GMS) 08-463 (GMS) |
| v. | ) ) | 08-534 (GMS) 08-782 (GMS) |
| IMPAX LABORATORIES, INC. | ) ) | |
| Defendant. | ) | |

## ORDER

WHEREAS, on September 5, 2008, defendant, Impax Laboratories, Inc. ("Impax") filed a Motion to Transfer the 07-731, 08-057, and 08-463 actions, and on October 1, 2008, defendant, Sandoz, Inc. ("Sandoz") moved to transfer the 08-534 action to the U.S. District Court for the District of New Jersey;

WHEREAS, on September 22, 2008 and on October 20, 2008, plaintiffs, Endo Pharmaceuticals Inc. ("Endo") and Penwest Pharmaceuticals Co. ("Penwest") (collectively, "Plaintiffs") filed their responses in opposition to these Motions to Transfer;

WHEREAS, by October 30, 2008, defendants filed replies to their Motions to Transfer;

WHEREAS, on October 30, 2008, the court heard limited argument on these motions;

WHEREAS, the court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

WHEREAS, it is the movant's burden to establish the need to transfer, and "the plaintiff's choice of venue [will] not be lightly disturbed." *Truth Hardware Corp. v. Ashland Prods., Inc.*, No.

02-1541 GMS, 2003 U.S. Dist. LEXIS 409, at *1 (D. Del. Jan. 13, 2003) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)).

WHEREAS, when considering a motion to transfer, the court must determine "whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879.[1]

WHEREAS, this inquiry requires "a multi-factor balancing test," embracing not only the statutory criteria of the interests of justice and the convenience of the parties and witnesses, but all relevant factors, including certain private and public interests. *Id.* at 875.

After having considered the parties' submissions, counsel's arguments, and the factors announced in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), the court finds that Impax has not met its burden of demonstrating that transfer is appropriate;

IT IS HEREBY ORDERED that:

1. The defendants' Motions to Transfer are DENIED.

2. Plaintiff's Motions to Strike Impax's Engle Declarations are DENIED as moot.

Dated: November 3, 2008

CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] These private interests include the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties; the convenience of the expected witnesses; and the location of books and records, to the extent that they could not be produced in the alternative forum. *Id.* at 879. Among the relevant public interests are: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; [and] the public policies of the fora." *Id.* at 879-80.

2



FILED
NOV - 3 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE